## E. HARDCASTLE ET AL. *v.* W. W. RECTOR ET AL.

[Kentucky Law Reporter, Vol. 2—209.]

**Principal and Surety—Discharge of Surety.**

When the principal upon a legal consideraton makes a contract with his creditor to extend the time of payment, the risk of the surety is increased, and by the extension he is discharged.

### APPEAL FROM WARREN CIRCUIT COURT.

February 1, 1881.

OPINION BY JUDGE HARGIS:

The surety has a material interest in the rights and remedies which the creditor is entitled to under the contract for the performance of which he is bound. Where a person is surety at law for the debt of another, payable at a specified time, and the payee makes a contract upon a legal consideration, which could be lawfully used to defeat the condition of the obligation, the surety, whose risk can not be thus increased without his consent by the payee, is thereby discharged.

If, therefore, the appellants accepted the note of W. W. Durham for $73.50, dated July 31, 1876, in consideration of the interest which had accrued and which would accrue on the notes for $350 executed by him and the appellees, as his sureties, and payable Oct. 26, 1875, they altered the time of its payment and put it out of their power to sue the principal until the expiration of one year beyond the time agreed upon with him and his sureties, and discharged them from their obligation unless they agreed thereto or subsequently ratified the transaction.

The interest to accrue, and the correction or recognition of the alleged mistake in the note for $350, of the time at which and to which it bore ten per cent. interest, constituted a valuable legal

consideration that will uphold the contract contained in the note for $73.50, given for the forbearance, if such contract was agreed to or accepted as such by the appellants.

But they deny the agreement or acceptance of the note from Durham, who, they allege, wrote it without their consent and against their protest, upon the back of the note sued on, and that it was intended only as a memorandum of the accrued and accruing interest, but not as a contract for its payment by Durham. These allegations being denied by appellees, the issues thus made should have been submitted to the jury for their verdict. For if the appellants did not make the agreement, or accept the note for $73.50, although it was written on the back of their note on which they seek judgment, they are entitled to recover against the sureties, because they were not bound or expected to surrender the possession of their note in order to avoid responsibility upon a contract which they deny having made or assented to.

With the weight of the evidence we have nothing to do; that is to be determined by the jury. Wherefore the judgment is *reversed* and cause remanded, with directions to grant the appellants a new trial, and for further proceedings not inconsistent with this opinion.

*R. Rodes, H. J. Beauchamp, for appellants.*

*Halsell & Mitchell, for appellees.*